IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE GOMEZ MARTINEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1235-PRW |
| ) | |
| DON JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## ORDER

Before the Court is United States Magistrate Judge Chris Stephens's Report and Recommendation (Dkt. 9), in which he recommends that the Court deny Petitioner's Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction (Dkt. 7). Petitioner timely objected (Dkt. 13). For the reasons given below, the Court **ADOPTS** Judge Stephens's Report and Recommendation and **DENIES** the Motion for a TRO (Dkt. 7).

*Background*

Petitioner is an illegal alien and citizen of Mexico who was detained by CBP on September 10, 2025, and is now in custody at Kay County Judicial Center in Oklahoma. Petitioner claims that he is not subject to mandatory detention under U.S.C. § 1225(b)(2)(A) and argues that he should be subject to discretionary detention under U.S.C. § 1226(a). Petitioner has filed a Petition for Writ of Habeas Corpus (Dkt. 1) and a Motion for Temporary Restraining Order (Dkt. 7), seeking Petitioner's immediate release,

1

ordering a bond hearing, and other related relief. The latter Motion (Dkt. 7) is the subject of this Order.

## *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] An objection is "proper" if it is both timely and specific.[2] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[3] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[4] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[5]

## *Analysis*

Judge Stephens recommended denying Petitioner's Motion insofar as it requests a TRO because Petitioner failed to comply with Rule 65(b)'s requirement that the moving party supply a reason why notice should not be given to the nonmovant before *ex parte*

---

[1] Fed. R. Civ. P. 72(b)(3).

[2] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *Id.* (citation and internal quotation marks omitted).

[4] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[5] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

emergency relief be entered prior to the nonmovant being heard. Petitioner's Objection is both timely and specific, therefore it is proper.

Petitioner counters in his Objection that he both mailed a copy of the Motion to Respondent "Assistant United States Attorney [Oklahoma]" before filing his Motion, as well as emailed a copy of his Petition for Writ of Habeas Corpus to newcases@okwd.uscourts.gov. This isn't enough to satisfy Rule 65(b). Petitioner has not represented to the Court whether he received any response after emailing his Petition, nor is there any indication that the recipient of either the email or mailed Motion have received and reviewed the filings. Before the Court will interfere with the Executive's administration of the nation's immigration laws—a core function of government—prudence requires the Executive to have a meaningful opportunity to be heard.[6]

However, even if Petitioner complied with the strictures of Rule 65(b) and provided the necessary certification in writing explaining efforts made to give the government notice, the Court would still refuse to enter an *ex parte* TRO in this matter. Petitioner claims that the government has the wrong man and that Petitioner cannot be detained under 8 U.S.C. § 1225(b)(2)(A) and instead should be offered a bond hearing as promised under 8 U.S.C. § 1226(a). However, it is unclear to the Court at this early stage whether Petitioner is being detained under this provision or another provision, such as 8 U.S.C. § 1226(c),

---

[6] "Our cases have long recognized the preeminent role of the Federal Government with respect to the regulation of aliens within our borders." *Toll v. Moreno*, 458 U.S. 1, 10 (1982) (collecting cases).

which commands the Attorney General to take into custody a variety of criminal aliens without offering them the ability to be released on bond pursuant to § 1226(a). Petitioner, with scant evidence, asserts that the government has mistaken him for a man with a similar name and the same alien registration number, who "committed a serious crime and was removed."[7] Petitioner has provided a variety of documents that demonstrate that multiple alien registration numbers have been associated with Petitioner.[8] Petitioner's only evidence that this is a case of mistaken identity is a screenshot of the Executive Office for Immigration Review's Automated Case Information showing that the alien associated with one of the alien registration numbers associated with Petitioner was deported in 1996.[9]

    Several aspects of this argument concern the Court and counsel against relief until the government has had an opportunity to respond. First, how does Petitioner know that this is a case of mistaken identity if the government is currently associating Petitioner's case with what is supposedly the correct alien registration number?[10] While Petitioner represents that the proceedings began against him in 2019 that incorrectly charged him with violating 8 U.S.C. § 1225(b)(2)(A), it is unclear to the Court whether that is the same basis for his removal today. Further, that Petitioner offered evidence of mistaken identity with another alien who may have been eligible for detention and removal under 8 U.S.C.

---

[7] TRO Mot. (Dkt. 7), at 5.

[8] *See, e.g.,* USCIS Receipt Not. (Dkt. 13, Ex. 3), USCIS Pick Up Not. (Dkt. 13, Ex. 4), and IJ Order (Dkt. 13, Ex. 9), at 2–3.

[9] EOIR Cancellation Not. (Dkt. 13, Ex. 5).

[10] *See* IJ Order (Dkt. 13, Ex. 9), at 2–3.

§ 1226(c) gives the Court pause before ordering relief, because this raises the specter that § 1226(c) *is* the basis for Petitioner's detention. The Court is unwilling to enter emergency relief on such scant evidence of mistaken identity. The deported alien in 1996 shares a similar name and alien registration number with Petitioner, who "last" illegally entered the United States in 2001.[11] On such a thin record, the Court cannot conclude that the government has erred.

Finally, the Petitioner asserts, with no basis in law, that he is "entitled to a bond hearing under . . . 8 U.S.C. § 1226(a)."[12] Petitioner rightly points out that § 1226(a) "provides for bond hearings at the discretion of the Attorney General.[13] But it does only that—it gives the Attorney General *discretion* to grant a detainee a bond hearing. There is nothing in the provision that confers upon Petitioner an affirmative right.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 9) and **DENIES** Petitioner's Motion (Dkt. 7).

**IT IS SO ORDERED** this 28th day of October 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[11] TRO Mot. (Dkt. 7), at 6.
[12] *Id.* at 5.
[13] *Id.* at 4–5.