## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSE GOMEZ MARTINEZ,     )
             )
        Petitioner,     )
             )
v.             )     Case No. CIV-25-1235-PRW
             )
DON JONES, *et al.*,     )
             )
        Respondents.     )

### ORDER

Before the Court is a Report and Recommendation (Dkt. 34), which recommends that the Court grant in part Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) and order Respondents to either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release him. Respondents timely objected (Dkt. 35). For the reasons given below, the Court declines to adopt the Report and Recommendation (Dkt. 34) and **DENIES** the Petition (Dkt. 1).

### *Background*

This is a habeas claim, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner illegally entered the United States in or about 2001, without first being inspected or admitted.[2] Petitioner represents that his residency in the United States has continued uninterrupted for

---

[1] "Challenges to immigration detention are properly brought directly through habeas." Report and Recommendation (Dkt. 34), at 4 (quoting *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004)).

[2] R&R (Dkt. 34), at 2.

1

approximately twenty-five years.[3] On February 1, 2019, ICE began removal proceedings against Petitioner under 8 U.S.C. § 1182.[4] Petitioner then moved to cancel his removal and withdrew prior asylum applications on October 11, 2019.[5] Since that time, Petitioner has waited for a final hearing on his application to cancel his removal.[6] On September 10, 2025, ICE detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) because he entered the country without inspection.[7] Petitioner, however, believes he is detained pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and permits bond when detention occurs, and thus he requests that he either receive a detention hearing or be released.

### Legal Standard

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[8] An objection is "proper" if it is both timely and specific.[9] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[10] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Fed. R. Civ. P. 72(b)(3).

[9] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[10] *Id.* (citation and internal quotation marks omitted).

2

are insufficiently specific to preserve the issue for de novo review."[11] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[12]

### *Analysis*

### I.    Petitioner is an "applicant for admission."

For the reasons given in the Court's Order in *Sosa v. Holt,* the Court finds that it has subject matter jurisdiction.[13] Further, the Court finds that, because Petitioner entered the United States without admission or inspection, he is properly detained pursuant to 8 U.S.C. § 1225(b)(2).[14]

### II.    Petitioner has failed to show a due process violation.

Petitioner has been in ICE custody since September 10, 2025.[15] As in *Zhang v. Grant,* the Court finds Petitioner's due process claim is premature.[16] A six-month detention period is presumptively constitutional before the government must release a removable alien who shows "that there is no significant likelihood of removal in the reasonably

---

[11] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[12] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[13] *See Sosa v. Holt, et al.*, Case No. CIV-25-1257-PRW, Dkt. 12, at 3–6 (W.D. Okla. Jan. 6, 2026).

[14] *See Id.* at 6–12 for the Courtis analysis interpreting the meaning of "applicant for admission."

[15] R&R (Dkt. 1, at 2.

[16] *See Zhang v. Grant, et al.*, Case No. CIV-25-1301-PRW, Dkt. 19, at 6–7 (W.D. Okla. Feb. 3, 2026).

foreseeable future[.]"[17] Accordingly, Petitioner's due process claim did not ripen until March 10, 2026.

### III.    The Court is not bound by Petitioner's Supplemental Authority.

For the reasons given in the Court's Order in *Machado v. Grant*, the Court finds that it is not bound by the declaratory injunction ordered by the United States District Court for the Central District of California in *Maldonado Bautista v. Santacruz*.[18]

### IV.    Petitioner cannot seek relief under the Fourth Amendment.

Respondents concede that ICE mistook Petitioner for someone else when he was initially stopped and detained without a warrant.[19]

Petitioner makes two passing references to the Fourth Amendment in his Petition, first alleging that he was arrested without a warrant or probable cause,[20] and then arguing that the Fourth Amendment prohibits detentions without individualized determinations.[21] He then asks the Court to grant a declaratory judgment that his detention violates the Fourth Amendment, but otherwise does not seek release pursuant to the Fourth Amendment.[22]

---

[17] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

[18] *See Machado v. Grant,* Case No. CIV-25-1315-PRW, Dkt. 17, at 4–8 (W.D. Okla. Jan. 13, 2026).

[19] Resp. (Dkt. 16), at 9.

[20] Pet. ¶72.

[21] *Id*. ¶84.

[22] *Id.* at 21.

Petitioner failed to adequately brief a Fourth Amendment claim in his Petition, thus it is waived.[23]

However, even if it were not waived, release would be an improper remedy for a Fourth Amendment violation in this context. Removal proceedings are fundamentally different from criminal proceedings. Removal proceedings are forward-looking, considering only the alien's asserted right to remain in the United States.[24] An alien's past conduct is only relevant insofar as it might bear on the alien's right to remain or as a basis for his removal.[25] Further, the "'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest . . . occurred."[26] Here, there is no evidence to suppress. Once Petitioner was arrested by ICE, he was discovered to be an illegal alien. His identity is intertwined with his status.  Though Respondents did not have probable cause to justify the warrantless arrest, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding."[27]

---

[23] *United States v. Clay*, 148 F.4th 1181, 1201 (10th Cir. 2025) (internal citations and quotation marks omitted).

[24] *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1038.

[25] *Id.* (internal citations omitted).

[26] *Id.* at 1039–40 (collecting cases).

[27] *Id.* at 1040 (internal quotation marks and citations omitted).

*Conclusion*

Accordingly, the Court **DECLINES** to adopt the Report and Recommendation (Dkt. 34) and the Court **DENIES** the Petition (Dkt.1). A separate judgment will follow.

**IT IS SO ORDERED** this 6th day of May 2026.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

6